IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:92-CR-0092-R |
| | ) | No. 3:05-CV-1267-R |
| MICHAEL WAYNE MCCOY, | ) | |
| ID # 23077-077, | ) | |
| Movant/Defendant. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Movant, an inmate currently incarcerated in a federal prison facility, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Respondent is the United States of America.

A jury convicted movant of two drug offenses and a firearm offense. After unsuccessfully appealing his conviction, he filed a motion to vacate in April 1997 in which he claimed that (1) his trial attorney rendered ineffective assistance by failing to call a key witness to testify; (2) his firearm conviction was unconstitutional because he never "used" a firearm; (3) that his classification as a career criminal was unconstitutional and his appellate attorney rendered ineffective assistance by not raising such claim on appeal; and (4) his trial attorney was unqualified to represent him. The Court denied the motion on February 23, 1998. On April 26, 2002, the Court denied his motion for relief from that judgment filed pursuant to Fed. R. Civ. P. 60(b).

On June 21, 2005, the Court received the instant motion to vacate wherein petitioner asserts that he was unconstitutionally sentenced in light of *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).  He makes various arguments for why the Court may not construe the instant motion as second or successive.  The Court has not directed respondent to file an answer to the motion.

Because movant has pursued a prior motion to vacate pursuant to 28 U.S.C. § 2255, *see* Civil Action No. 3:97-CV-1021-R, the Court must determine whether the instant motion is second or successive within the meaning of § 2255.  The Court will address movant's various arguments against finding the motion second or successive as the need arises.

## II.  SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a federal prisoner may file a second or successive motion to vacate in federal court.  Under Fifth Circuit precedent, "a subsequent motion is 'second or successive' when it: '1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ.'"  *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

In this instance, movant has filed a prior motion to vacate to challenge his federal conviction.  Under *Orozco-Ramirez,* movant was required to present all available claims related to his conviction in his initial motion to vacate:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle.

2

> The requirement serves the singularly salutary purpose of forcing federal habeas peti-
> tioners to think through all potential post-conviction claims and to consolidate them
> for a unitary presentation to the district court."

211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

In this instance, movant relies upon *Booker* and *Blakely* to again challenge his conviction and sentence. Movant could have raised such claims, albeit not precisely on the recent case law, when he filed his first motion to vacate. *See In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam) (denying authorization for filing a successive motion to vacate based upon *Booker*); *United States v. Frazier*, 186 Fed. App'x 490, 490 (5th Cir. 2006) (per curiam) (holding that "*Booker* is not a ground for filing a successive § 2255 motion). Because the instant action raises claims that movant could have raised in his earlier motion to vacate the instant action is successive within the meaning of 28 U.S.C. § 2255.

Movant asserts that the instant "motion is not to be construed as second or successive as it does not qualify because the new rules relied upon have not been made retroactive by the Supreme Court [and he] does not rely upon new evidence." Relying upon *Castro v. United States*, 537 U.S. 1170 (2003), he further asserts that this Court "has no authority to recharacterize" his motion to his prejudice "without notice and must reach the merits of the motion as presented." *Castro*, however, dealt with construing a filing as a first or original motion to vacate – the case does not require notice before construing a filing as a second or successive motion to vacate. In this case, moreover, movant specifically files his motion pursuant to 28 U.S.C. § 2255. There is thus no need to construe it as a § 2255 motion. In addition, whether the motion is successive or not requires no construction by the Court – the motion is either successive or it is not. In this case, the motion is successive.

3

Accordingly, movant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255).  A three-judge panel of the court of appeals must first determine whether this Court should consider the instant motion. *Id.* § 2244(b)(3)(B).  The panel will authorize the filing of a second or successive motion only upon a *prima facie* showing that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See id.* §§ 2244(b)(3)(C), 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the instant successive motion to vacate.  Movant must obtain such an order before filing the motion in this Court.

Although the Court may appropriately dismiss the instant successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it may also transfer the successive motion to the Fifth Circuit for a determination of whether movant should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002)*; In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive motion to the Circuit and establishing procedures in the Circuit to handle such transfers).  Movant argues that, if this Court construes the instant motion as second or successive and transfers the action to the Fifth Circuit Court of Appeals, the Fifth Circuit will deny authorization to file the motion because it does not meet any criteria for filing a second or successive motion.

4

Indeed, the Fifth Circuit has already indicated that neither *Booker* nor *Blakely* claims satisfy the criteria for obtaining authorization for filing a successive motion to vacate. *See In re Elwood*, 408 F.3d at 212-13 (denying authorization for filing a successive motion to vacate based upon *Booker* because *Booker* has not been made retroactively applicable on collateral review and noting that *Blakely* has also not been made retroactively applicable on collateral review). A dismissal without prejudice thus appears more appropriate than a transfer to the Fifth Circuit.[1]

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant motion to vacate filed pursuant to 28 U.S.C. § 2255 be **DISMISSED without prejudice** pending review by a three-judge panel of the court of appeals.

**SIGNED** this 11th day of December, 2006.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1]  Movant suggests that, if the Court recharacterizes his motion as second or successive, he may pursue his claims pursuant to 28 U.S.C. § 2241 in the district in which he is incarcerated so as to avoid a "Suspension Clause problem". As recognized by movant, the district of incarceration is the proper venue for § 2241 petitions. Accordingly, this Court has no jurisdiction to construe the instant motion as arising under § 2241. In this district, furthermore, the savings clause of § 2255 provides no basis for raising *Blakely* and *Booker* claims in a § 2241 action. *See, e.g., Munoz v. Joslin*, No. 3:06-CV-0400-H, 2006 WL 3420137, at *1-3 (N.D. Tex. Nov. 27, 2006) (findings, conclusions, and recommendation accepted by District Court). The Fifth Circuit, moreover, has rejected the argument that an inmate "should be allowed to bring his *Blakely* and *Booker* claims pursuant to 28 U.S.C. § 2241 via the savings clause of § 2255" because such argument "is without merit." *See United States v. Broussard*, No. 05-61033, 2006 WL 3019215, at *1 (5th Cir. Oct. 24, 2006) (per curiam) (citing *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005)). In light of such precedent, the instant motion is not properly construed as a § 2241 petition even were movant incarcerated within the territorial confines of the Northern District of Texas.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6